UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD T. MASKO, | ) CASE NO. 4:10CV1613 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| -vs- | ) |
| | ) |
| J.T. SHARTLE, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| | ) |
| Respondent. | ) |

     Pro se Petitioner Ronald T. Masko filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Masko, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden J. T. Shartle as Respondent. Petitioner seeks jail credit against his federal sentence.

*Background*

     Mr. Masko alleges that on August 26, 1998 he "was "detained in connection with 6.4 grams of suspected crack cocaine left behind in the Candlewoods Suites" in Pittsburgh,

Pennsylvania. (Pet. at 3.) He claims he was charged with violating "18 §5503§§A4 Disorder Conduct Hazardous/Physical Offense" and sentenced to serve 60 days in the Allegheny County Jail in Pittsburgh. He claims a detainer was lodged against him by the Brooke County Sheriff's Department in Weirton, West Virginia on October 13, 1998. Mr. Masko claims he has not been released since that date.

On or about November 9, 1998 the United States Marshal Service and Washington County, Pennsylvania allegedly lodged additional detainers against Petitioner. He asserts all of his "state arrests are in connection with offense[s] or acts for which a 360 month federal sentence was imposed, later to be lowered to 292 months under 2 point crack departure." (Pet. at 3.) The Court presumes he is now serving the 292 months sentence for his conviction on several drug-related offenses in the United States District Court for the Northern District of West Virginia. *United States v. Masko*, No. 5:99cr0013 (N.D. WV 1999). The Bureau of Prisons (BOP) website shows his proposed release date is March 9, 2021. *See* www.bop.gov

Petitioner asserts Warden Shartle has failed to grant him the jail credit he has requested. The Petition lists dates and ID numbers which presumably reflect Petitioner's attempts to exhaust his administrative remedies. The Regional Administrator "partially granted 10-28-2009 ID: 5540060," which the Central Office allegedly denied on January 14, 2010. Finally, "ID: 5540060-A1 [was] received 2-23-2010." (Pet. at 4.) No details regarding the nature of Petitioner's request, or any explanation of what was 'partially granted' are provided.

Under "Ground Two," Mr. Masko claims he is entitled to examine an "accurate record" of what Warden Shartle used to deny his request for jail credit. He alleges the Warden refused to provide a complete record to support his decision denying Petitioner the credit he

requested. Petitioner asks the Court to provide credit against his sentence "from August 26, 1998 onward or in the alternative Appoint Counsel and Order Warden J.T. Shartle to provide Petitioner a true copy of the record." (Pet. at 5.)

### *28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Here, the Petitioner has properly filed his request for habeas relief in this Court, as it has personal jurisdiction over his custodian. *See Blango v. Thornburgh*, 942 F.2d 1487, 1491-92 (10th Cir.1991)(warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") The substance of his Petition, however, fails as a matter of law.

### *Jail Credit*

After a district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain

jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.")

The statute upon which the BOP relies in making its credit determination states, in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence

18 U.S.C. § 3585(b). In cases where the federal judge does not specify whether a prisoner's state and federal sentences are to run concurrently, the Sixth Circuit has interpreted 18 U.S.C. § 3584(a) to provide that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v. Quintero*, 157 F.3d 1038, 1040 (6th Cir. 1998).

On a federal habeas petition, there is a presumption of regularity of the sentence, which the petitioner must overcome. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Therefore, it is Petitioner's burden to establish that the BOP's calculation of his sentence is erroneous. Here, Mr. Masko's Petition fails to even disclose when he was sentenced by state or federal authorities. There is no explanation of what relief the BOP 'partially granted' Petitioner with respect to his

request for jail credit. Because evolved legal precedent instructs that credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail, Mr. Masko would only be entitled to credit if he was in exclusive federal custody for the period for which he requests credit. There is no explanation or allegation that Petitioner was in exclusive federal custody during the period for which he seeks credit.

Finally, the Court cannot grant Petitioner's open-ended request for jail credit "from August 26, 1998 onward." Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. Mr. Masko's legal conclusions are insufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

*Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

11/8/2010

---

[1] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).